## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stacey L. Calhoun | | CHAPTER 13 |
| | Debtor | |
| | | |
| M&T Bank | | |
| | Movant | |
| vs. | | NO. 19-14655 JKF |
| | | |
| Stacey L. Calhoun | | |
| | Debtor | |
| | | |
| Scott F. Waterman, Esquire | | 11 U.S.C. Section 362 |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    On or before February 29, 2020, the Debtor shall make a down payment in the amount of **$2,937.44** to become post-petition current through February 1, 2020.

2.    Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2020 in the amount of $819.06.

3.    In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein .

5.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.      The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the mortgage and applicable law.


Date:    February 4, 2020                    By: */s/ Rebecca A. Solarz, Esquire*
                                             Attorney for Movant


Date: 2/31/2020                              _____
                                             David M. Offen, Esquire
                                             Attorney for Debtor


Date: February 11, 2020                      /s/ Polly A. Langdon, Esquire, for
_____              _____
                                             Scott F. Waterman, Esquire
                                             Chapter 13 Trustee


Approved by the Court this 12th day of February_____, 2020.  However, the court
retains discretion regarding entry of any further order.

                                             _____
                                             Bankruptcy Judge
                                             Jean K. FitzSimon