```
                         United States Bankruptcy Court
                         Eastern District of Pennsylvania
```

In re:                                                    Case No. 19-14655-jkf
Stacey L Calhoun                                          Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Randi         Page 1 of 1         Date Rcvd: Feb 12, 2020
                        Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 14, 2020.
db             Stacey L Calhoun,    419 Westmont Drive,    Collingdale, PA   19023-1025

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 14, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 12, 2020 at the address(es) listed below:
              DAVID M. OFFEN    on behalf of Debtor Stacey L Calhoun dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)     ECFMail@ReadingCh13.com
              SCOTT F. WATERMAN (Chapter 13)     on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
               ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stacey L. Calhoun<br>　　　　　　Debtor | CHAPTER 13 |
| M&T Bank<br>　　　　　　Movant<br>　　vs. | NO. 19-14655 JKF |
| Stacey L. Calhoun<br>　　　　　　Debtor | |
| Scott F. Waterman, Esquire<br>　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before February 29, 2020, the Debtor shall make a down payment in the amount of **$2,937.44** to become post-petition current through February 1, 2020.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2020 in the amount of $819.06.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   February 4, 2020            By: /s/ Rebecca A. Solarz, Esquire
                                    Attorney for Movant

Date: 2/31/2020                     David M. Offen, Esquire
                                    Attorney for Debtor

Date: February 11, 2020             /s/ Polly A. Langdon, Esquire, for
                                    Scott F. Waterman, Esquire
                                    Chapter 13 Trustee

Approved by the Court this 12th day of February, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. FitzSimon